MATHEW CLARKSON *v.* WILLIAM L. SKIDMORE, Executor, &c., of F. F. RANDOLPH, deceased, LEWIS W. PHILLIPS, WILLIAM REMSEN, and others.

(GENERAL TERM, FIRST DISTRICT, NOVEMBER, 1869.)

A tenant for years has an equitable interest, to the extent of the value of the remainder of his term, in the surplus moneys arising upon a sale of the demised premises, under a mortgage given thereon, prior to his lease, where the lease is cut off by the foreclosure; and the court will order payment out of such surplus to him or to a mortgagee of his lease, after satisfaction of any dower right, or other prior claims upon the equity of redemption.

The decision in *Burr* v. *Stenton* (52 Barb., 377), held not to control the decision of this case.

THIS was an appeal from an order, entered upon the report of a referee, appointed to determine upon claims to surplus moneys, arising from a foreclosure sale, under a judgment therefor, in the action.

The mortgage was given, in his lifetime, by Franklin F. Randolph, deceased, upon premises in New York city, and was dated and recorded in October, 1864. There was paid in, to the city chamberlain a surplus, after satisfying the mortgage debt, &c., of $85,046.91, upon which claims were made by the executors of Randolph, and by the defendants, Phillips, Remsen, and Hoyt assignee, &c., respectively. Phillips claimed as lessee of the premises, by lease from the mortgagor, dated in May, 1865, for the term of ten years, and Remsen and Hoyt assignee, &c., under first and second mortgages of the lease from Phillips. The widow of Randolph also claimed her dower. The lease to Phillips contained covenants for quiet enjoyment, and for payment of taxes by the lessee, and for rent quarterly; and for re-entry, in case of non-performance of covenants by the lessor; and it appeared that two years taxes had been paid out of the proceeds of the sale, and that a quarter's rent remained unpaid on the 3d May, 1869, at which time, upon demand of

the purchaser, the tenant surrendered to him possession of the premises. Evidence was also given before the referee, of the value of the unexpired term cut off by the foreclosure suit, to which Phillips, Remsen and Hoyt as assignee, &c., were made parties.

The referee rejected the claims of Phillips, Remsen, and Hoyt, and reported in favor of paying the surplus after satisfying the claim for dower, expenses, &c., to the executors of Randolph. Exceptions to the report were filed; it was affirmed by an order of Special Term, from which this appeal is taken.

*C. P. Kirtland, A. F. Cushman,* and *W. F. Allen,* for the appellants.

*W. E. Curtis,* and *J. M. Van Cott,* for the executors.

Present—CLERKE, SUTHERLAND, and CARDOZO, JJ.

SUTHERLAND, J. It cannot be said, I think, that the Revised Statutes changed or abolished the common law meaning of the term *real estate,* when used as expressing, or with reference to, *the nature and quality* of the estate in land, as distinguished from estates in land for years, that is chattels real. (See 1 Revised Statutes, 722, §§ 1 to 6, both inclusive; 1 id., 750, § 10; 1 id., 754, 755, § 27.) Section 36 of chapter 3, of part 2d, relating to the proof and recording of conveyances of real estate, declares that the term *real estate* shall be construed "as embracing all chattels real, except leases, for a term not exceeding three years," *as used in that chapter.* That chapter (chap. 3) does not relate at all, to the nature, quantity, or divisions of estates in land, except with reference to the proofs and recording of conveyances of estates in lands. Therefore, in speaking of the nature and quantity of the estate or interest, which Phillips, the lessee, had in the demised premises at the time of the foreclosure and sale, it may not be technically proper or

accurate to call his estate or interest *real* estate.    But what of it?

By the common law, and by the Revised Statutes, he had an estate (though not *real*), in the land for the unexpired term of years, called at common law, and by the Revised Statutes, a chattel ·real.    Equity regards the substance of things, not names, and I cannot see, of what possible materiality it is in this case, whether this estate is called or should be called *real* estate or a chattel real. · It was an estate in the lands.    It entitled him, as between himself and his lessor, to its use and occupation, rents and profits, during the unexpired term, upon or under the terms of the lease. ˙ It was destroyed or diverted by the foreclosure sale and conveyance, under a mortgage made by the lessor, before its creation. ˛ The conveyance to the purchaser, carried the fee absolute including the estate of the lessee.    The moneys bid and paid for the premises, were bid and paid for a fee absolute, all the estate which could be had or held in the premises, including the unexpired term or estate for years of the lessee. I cannot see, why so much of the surplus moneys, as was paid for the lessee's estate, or as arose from the sale of it, should not be regarded in equity as representing, or as taking the place of his estate, and go to indemnify his mortgagees of the term, and him.

The holder of a judgment in a court of record against the lessee, would have had a claim on such part or portion of the surplus moneys, for such judgment would have been a lien on the lessee's term or estate.    (2 Rev. Stat., 359, § 3.) The mortgagees of the lessee have a claim on such part or portion of the surplus moneys, for their mortgages gave them liens on the lessee's term or estate.    It would be strange, indeed, if the lessee's mortgagees have a claim on such part or portion of the surplus, because their mortgages gave them liens on the lessee's unexpired term and estate, that the lessee, the owner of the unexpired term and estate itself, subject to the mortgages, should not be entitled in equity as between him and the executor of the lessor to what might be left of that part or

portion of the surplus after paying his mortgagees of the term, considering the full and express covenant of the lessor for quiet enjoyment, and especially considering that an action at law on this covenant would give the lessee a very inadequate indemnity for the loss of his unexpired term indirectly by the very act of the lessor.

But the lessee and Remsen, his principal mortgagee of the term, were parties to the foreclosure action, and I think are bound by the price for which the premises were bid off and conveyed. Therefore, in ascertaining what part or amount of the surplus moneys should be regarded as having been bid and paid for the unexpired term of the lease, I think $119,750 the amount which the premises brought at the mortgage sale should be taken as the value of the premises, or of a fee absolute in them, including the unexpired term of the lease. I cannot doubt that upon such assumption the value of, or how much of the surplus should be regarded as having been paid for the lessee's unexpired term, subject to the annual rent, liability to pay taxes, &c., I may say, subject to the terms of the lease, can be ascertained with reasonable accuracy. The opinions of witnesses as to the value of the lessee's unexpired term should not be resorted to, if such value can be ascertained by calculation on the assumption above stated with reasonable certainty.

In my opinion, after taking from the $85,046.91, the amount of the surplus paid into court, the costs and expenses of this proceeding as to such surplus, including the costs of all parties to this appeal on this appeal and such reasonable and proper allowances for counsel, as the court shall have the power and feel authorized to make, and the ascertained value of the widow's right of dower, and the ascertained value of the lessee's unexpired term, less the $750 rent in arrear, if anything should be left, the executor of the lessor would be entitled to it, but that the executor has no claim or lien on such surplus beyond such contingent residue.

As to the sum or amount to be ascertained as the value of the lessee's unexpired term at the time of the mortgage sale,

*it* less the $750 rent in arrear, should be appropriated, first to the payment of the Remsen mortgage in full; next to the payment of the mortgage held by Hoyt, assignee, in full, and whatever may be left of it, after paying these two mortgages, should be paid to Phillips, the lessee.

I do not think our decision of this case should be controlled by *Burr* v. *Stenton* (52 Barb., 389), considering the reasons given in the opinion in that case at General Term, for reversing the Special Term, and considering the special circumstances of that case.

The order appealed from should be reversed and the exceptions to the referee's report allowed with costs of all parties to this appeal, on the appeal, to be paid out of the surplus moneys, and the matter should be referred back to the referee, to proceed and report according to the views expressed in this opinion, and the order appealed from should be so reversed and matter referred back, without prejudice to counsel's right to make such application to the court for allowances as they may be advised to make.

Ordered accordingly.